Ye v. Lynch

BIA
Wright, IJ
A200 564 460

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT
# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of February, two thousand sixteen.

PRESENT:
>        DENNIS JACOBS,
>        DEBRA ANN LIVINGSTON,
>        RAYMOND J. LOHIER, JR.,
>                *Circuit Judges.*

_____

DEXUAN YE,
>        *Petitioner,*

>        v.                                13-2621
>                                          NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONER:        Cora J. Chang, New York, New York.

FOR RESPONDENT:        Stuart F. Delery, Assistant Attorney General; Shelley R. Goad, Assistant Director; Carmel A. Morgan, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Dexuan Ye, a native and citizen of the People's Republic of China, seeks review of a June 26, 2013, decision of the BIA affirming an Immigration Judge's ("IJ") June 13, 2012, decision, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").  *In re Dexuan Ye*, No. A200 564 460 (B.I.A. June 26, 2013), *aff'g* No. A200 564 460 (Immig. Ct. N.Y. City June 13, 2012).  We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the decision of the IJ as supplemented by the BIA.  *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005).  The applicable standards of review are well established.  *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For applications such as Ye's, governed by the REAL ID Act of 2005, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on the

2

applicant's "demeanor, candor, or responsiveness," the plausibility of his account, and inconsistencies in his statements, "without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir. 2008) (per curiam). We "defer therefore to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make" such a ruling. *Xiu Xia Lin*, 534 F.3d at 167.

Here, the IJ reasonably based the adverse credibility determination on Ye's admissions that he lied at his credible fear interview and his non-responsive testimony. *See id.* Ye testified that he attended an unregistered church in China one to two times per month for over three years and had learned some church doctrine in that time, but later admitted that he falsely stated during his interview that he went to church only a few times and knew nothing of church doctrine.

Initially, the record of the interview is sufficiently reliable. The interview notes indicate that Ye's responses were recorded verbatim and that Ye understood the Mandarin

translations through an interpreter.  Moreover, Ye acknowledged the accuracy of the statements. *See Ming Zhang v. Holder*, 585 F.3d 715, 723-25 (2d Cir. 2009).

Ye explained that he lied despite being under oath because he did not believe lying was such a "serious matter to Americans" and because his snakehead forced him to lie under threat of abandonment or violence.  However, the IJ reasonably rejected these explanations because lying undermined Ye's credibility regardless of whether he believed it serious or not, and Ye failed to establish that the snakehead maintained control over him after he arrived at his destination in the United States.  *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (holding that an IJ need not credit an explanation for an inconsistency unless the explanation would compel a reasonable fact finder to do so).  Accordingly, the IJ reasonably concluded that this false testimony called Ye's credibility into question, particularly as it implied that Ye was embellishing his original claim.  *See Ming Zhang*, 585 F.3d at 723-25; *Xiu Xia Lin,* 534 F.3d at 167; *Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007) ("[A] single instance of false testimony may . . . infect the balance of the alien's uncorroborated

or unauthenticated evidence").

We also defer to the IJ's finding that Ye's demeanor reflected negatively on his credibility. The IJ's finding that Ye was non-responsive was connected to his failure to answer questions regarding his false testimony and is therefore supported by the record and entitled to deference. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006).

These credibility problems were not resolved by Ye's corroborating evidence, which depended largely on Ye's own credibility. Although a fellow member of Ye's church in the United States testified on Ye's behalf, the IJ reasonably gave his testimony little weight because he admitted knowing little about Ye. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (the weight accorded to evidence lies largely within agency's discretion). Nor did the letters Ye submitted  rehabilitate his testimony, as the authors were unavailable for cross-examination. *See id.; see also Matter of H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (B.I.A. 2010) (giving diminished evidentiary weight to letters whose authors were not subject to cross-examination), *rev'd on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012).

5

Given Ye's false testimony regarding the extent of his practice of Christianity, his demeanor, and the lack of reliable corroboration to rehabilitate his testimony, the totality of the circumstances supports the agency's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin,* 534 F.3d at 167. The only evidence of a threat to Ye's life or freedom depended upon his credibility, so the adverse credibility determination in this case necessarily precludes success on his claims for asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6